IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:            )
                             )
CRAIG GROAT,                 )   CASE NO. BK05-42759
                             )
            Debtor(s).       )   CH. 13

### MEMORANDUM

Hearing was held in Lincoln, Nebraska, on January 5, 2006, on the Chapter 13 trustee's objection to exemptions (Fil. #28) and the debtor's resistance (Fil. #36). The debtor appeared on his own behalf, and Marilyn Abbott appeared for the trustee. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B).

The trustee objects to the debtor's claim of a homestead exemption of $93,500 in his residence, questioning his eligibility for a homestead exemption.

The homestead exemption is available to married persons or those who are the head of a family. See Neb. Rev. Stat. §§ 40-101, -102, and -115[1]; Stumpf v. Roberts (In re Roberts), 219 B.R. 235

---

[1]The relevant statutory sections are as follows:

**§ 40-101. Homestead, defined; exempted.**
A homestead not exceeding twelve thousand five hundred dollars in value shall consist of the dwelling house in which the claimant resides, its appurtenances, and the land on which the same is situated, not exceeding one hundred and sixty acres of land, to be selected by the owner, and not in any incorporated city or village, or, at the option of the claimant, a quantity of contiguous land not exceeding two lots within any incorporated city or village, and shall be exempt from judgment liens and from execution or forced sale, except as provided in sections 40-101 to 40-116.

**§ 40-102. Homestead; selection, property available for.**
If the claimant be married, the homestead may be selected from the separate property of the husband, or with the consent of the wife from her separate property.
(continued...)

(B.A.P. 8th Cir. 1998). The purpose of the exemption is to protect a debtor and his or her family in a home from forced sale on execution or attachment. Blankenau v. Landess, 626 N.W.2d 588, 595 (Neb. 2001) (citing Fisher v. Kellogg, 258 N.W. 404 (Neb. 1935)).

In this case, the debtor is not married. He has lived in his current residence, which is his family home, as the primary caregiver for his father for the last three years. He inherited the home upon his father's death. The trustee questions whether the debtor was head of a family and therefore eligible to claim a homestead exemption.

"Head of a family" is defined in Neb. Rev. Stat. § 40-115(3) as a person who has a parent residing with him and under his care and maintenance. The debtor's pleadings indicate that he was the primary caregiver for his father after his mother passed away. He moved into the home to provide medical and personal care to his father for the last three years. The debtor states that his father was mentally incompetent during this time and the debtor had power

---

[1](...continued)
When the claimant is not married, but is the head of a family within the meaning of section 40-115, the homestead may be selected from any of his or her property.

**§ 40-115. Head of family, defined.**
The phrase head of a family, as used in sections 40-101 to 40-116, includes within its meanings every person who has residing on the premises with him or her and under his or her care and maintenance:
(1) His or her minor child or the minor child of his or her deceased wife or husband;
(2) A minor brother or sister or the minor child of a deceased brother or sister;
(3) A father, mother, grandfather, or grandmother;
(4) The father, mother, grandfather, or grandmother of a deceased husband or wife;
(5) An unmarried sister, brother, or any other of the relatives mentioned in this section who have attained the age of majority and are unable to take care of or support themselves; or
(6) A surviving spouse who resides in property which would have qualified for a homestead exemption if the deceased spouse were still alive and married to the surviving spouse.

of attorney for him. The debtor maintained the home and was fully responsible for the care of his father. I find that he was the head of the family for purposes of the homestead exemption statute.

Long-standing Nebraska law holds that any interest in real estate, either legal or equitable, that gives a present right of occupancy or possession, followed by exclusive occupancy, is sufficient to support a homestead right therein. Blankenau, 626 N.W.2d at 595 (citing Mainelli v. Neuhaus, 59 N.W.2d 607, 612 (Neb. 1953) and Fisher, 258 N.W. at 406). Fee simple ownership is not necessary. Fisher, 258 N.W. at 406. A periodic tenancy gives a tenant an absolute possessory right for that period of time and is sufficient to support a claim for homestead exemption. In re Foley, 97 F. Supp. 843, 845 (D. Neb. 1951). Title to real property vests in a decedent's heirs at the time of death, regardless of whether the estate has been probated. In re Nielson, Neb. Bkr. 02-40 (Bankr. D. Neb. Feb. 21, 2002). Because the debtor was living in the home at the time of his father's death and title immediately passed to him, he was entitled to immediate possession and occupancy. The trustee's objection to the debtor's ability to claim the homestead exemption will be overruled.

The trustee also objects to the debtor's claim of the full value of the home as exempt. The statutory limit of the exemption is $12,500, so that portion of the objection will be sustained.

A separate order will be entered giving the debtor time to file an amended Schedule C.

DATED:    January 30, 2006

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Marilyn Abbott
    Craig Groat
    United States Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.